```
IN THE UNITED STATES DISTRICT COURT FOR THE
        EASTERN DISTRICT OF OKLAHOMA

ANNETTE L. NIKWEI,            )
                              )
          Plaintiff,          )
                              )
v.                            )   Case No. CIV-13-131-FHS-KEW
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                              )
          Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Annette L. Nikwei (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 14, 1965 and was 46 years old at the time of the ALJ's decision. Claimant completed her GED. Claimant worked in the past as a cashier, counter attendant, poultry cropper, poultry inspector, dietary aid, housekeeper, and photo print operator. Claimant alleges an inability to work beginning June 18, 2009 due to limitations arising from anxiety, depression,

and problems with her back, hands, left knee, left ankle, and left foot.

## Procedural History

On March 17, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 12, 2011, an administrative hearing was held before ALJ Charles Headrick in Tulsa, Oklahoma. On October 28, 2011, the ALJ issued an unfavorable decision on Claimant's applications. On January 26, 2013, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work as a cashier II, counter attendant, and photo print operator.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

properly consider the medical source evidence; (2) failing to perform a proper determination at steps 4 and 5; and (3) failure to perform a proper credibility analysis.

**Medical Source Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic obstructive pulmonary disorder ("COPD") and obesity. (Tr. 20). The ALJ also found Claimant retained the RFC to perform light work in that she was able to lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk for a total of 6 hours in an 8 hour workday, sit for 6 hours in an 8 hour workday, push/pull 20 pounds occasionally and 10 pounds frequently. The ALJ also restricted Claimant to occasional kneeling, crouching, and crawling and found Claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. (Tr. 22). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of arcade attendant, video clerk, and order clerk which the expert found existed in sufficient numbers in the regional and national economies. (Tr. 27). The ALJ ultimately made his determination at step four that Claimant could perform her past relevant work as a cashier, counter attendant, and photo print operator, all of which fell within the light level of exertion.

(Tr. 26).

Claimant contends the ALJ failed to properly evaluate the opinion evidence in the record. Claimant was examined by Dr. Kenneth Trinidad on March 8, 2011. Dr. Trinidad concluded that Claimant suffered from a lumbar spine injury with left sacroiliac joint dysfunction, resulting from work-related trauma on December 30, 2010. (Tr. 481). He noted tenderness from L4 through S1 on the left, with particular tenderness over the left sacroiliac joint. Straight leg raising was negative at 70 degrees. Sacral hip flexion angle was 40 degrees and sacral hip extension angle was 25 degrees. Range of motion of the lumbar spine revealed flexion 35 degrees, extension 5 degrees, right lateral bending 10 degrees, and left lateral bending 5 degrees. Claimant underwent an MRI but it was unavailable at the time of Dr. Trinidad's examination. He estimated that Claimant remained "temporarily totally disabled" and could not return to work without further treatment and evaluation. (Tr. 481).

The ALJ concluded that "[l]ittle weight is given to Dr. Trinidad's assessment as it was procured by the claimant's attorney." This represents the sole basis for rejecting Dr. Trinidad's opinion provided by the ALJ. "[I]n the absence of other evidence to undermine the credibility of a medical report, the

6

purpose for which the report was obtained does not provide a legitimate basis for rejecting it." Hinton v. Massanari, 13 Fed.Appx. 819, 824, 2001 WL 744971, 5 (10th Cir. 2001) quoting Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998); *see also* Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000). More curious is the fact that the opinion was not procured to provide support for the social security application but rather for state worker's compensation benefits. On remand, the ALJ shall re-evaluate the opinion evidence provided by Dr. Trinidad and evaluate it under the appropriate standard. 20 C.F.R. §§ 404.1527; 416.927.

In a showing of relative inconsistency, the ALJ rejected Dr. Trinidad's findings because he was procured by counsel yet he give the state agency consultants' opinions "significant weight" in part because they are considered by him to be "experts in the Social Security program." (Tr. 26). He also states that he gives this enhanced weight to the consultants' opinions because "their opinions are consistent with the residual functional capacity shown here." Id. The opinions are intended to be evaluated before reaching an RFC rather than the ALJ searching for opinions which supports an pre-determined RFC. That is, to the extent there are differences of opinion among the medical sources, the ALJ must explain the basis for adopting one and rejecting another, with

7

reference to the factors governing the evaluation of medical-source opinions." Reveteriano v. Astrue, 490 Fed.Appx. 945, 947 (10th Cir. 2012). He must not only provide an explanation for the weight given to an opinion but the explanation must be legally permissible and defensible. The ALJ's reasoning for giving the consultants' opinions significant weight is flawed and unsupported. On remand the ALJ shall provide a valid explanation for the weight given to each opinion in the record.

**Step 4 and 5 Determination**

Claimant contends that ALJ failed to properly analyze the functional requirements of her past relevant work before finding she could return to that work step four. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has discussed the ALJ's findings on Claimant's RFC and found it may be deficient depending upon the proper assessment of the opinion evidence.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in

8

this case inquired of the vocational expert as to the physical demands of Claimant's past relevant work. (Tr. 53-55). He made no inquiry as to the mental demands of the work. The expert testified the cashier required light work although he stated Claimant performed it as medium work. The counter attendant job was light work, the poultry boner job was light work, the housekeeping job was medium work, the poultry inspector was light work, and the photo print operator was light work. (Tr. 53-54). On remand, the ALJ shall reformulate his questioning to accurately ascertain the mental demands of Claimant's past relevant work.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The first two phases are flawed such that the final phase would have to be revisited on remand.

The ALJ should also reconsider his questioning of the vocational expert at step five such that it accurately reflects Claimant's impairments.

### Credibility Determination

On remand, the ALJ shall insure that he has employed the factors necessary for a proper evaluation of Claimant's testimony. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987).

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of September, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE